{¶ 3} I respectfully dissent from the decision of the majority.
 {¶ 4} The domestic violence statute, R.C. 2929.25(A) states: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(F)(1)(ii) defines family or household member to include "[a] spouse, a person living as a spouse, or former spouse of the offender."
 {¶ 5} The Defense of Marriage Amendment, Article XV, Section11, Ohio Constitution, states:
 {¶ 6} "Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage."
 {¶ 7} Defendant-Appellant and Amicus Citizens For Community Values both argue that the equivalent treatment of spouses, former spouses, and persons living as spouses in R.C. 2919.25
offends the prohibitions of the Amendment, because the statute thereby confers on those unmarried persons "a legal status . . . that intends to approximate the design, qualities, significance or effect of marriage." Those descriptive terms are all encompassing, but they don't define the object and the operative term of the second sentence of the Amendment in which they are used and to which they apply. That object is the general term, "legal status."
 {¶ 8} The textual canon of interpretation esjudem generis
calls for interpreting a general term to reflect the class of objects reflected in more specific terms accompanying it. Applying that rule, the term "legal status" in the second sentence of the Amendment reasonably refers to the existence of a marriage as marriage is defined in the first sentence of the Amendment, that being a union between one man and one woman and only that. The descriptive terms which follow "legal status" merely proscribe conferring marital status in any of those respects on persons living in a different relationship.
 {¶ 9} Part of the challenge in interpreting the Amendment is that the prepositional phrase "for relationships of unmarried persons" is misplaced in the order of words in the sentence. It follows the term "legal status," but it functions as an adverbial clause modifying the verbs "create or recognize." In so doing, it merely prohibits treating relationships of unmarried persons as being a marriage. It does not mean that unmarried persons are denied some collateral legal benefit or relieved of a collateral legal detriment which is also incident to a marriage merely because they are unmarried.
 {¶ 10} R.C. 2919.25(A) imposes a collateral detriment on unmarried persons that it likewise imposes on married persons. It does not thereby create the legal status of a marriage for their relationship, which is all the Amendment prohibits. That might have been clearer had its authors written the Amendment to say that the state "shall not create or recognize for relationships of unmarried persons a legal status that intends to approximate the design, qualities, significance or effect of marriage." That order of presentation would properly reflect the prohibitions the terms of the Amendment imposes. That a different order was used doesn't alter the meaning of the Constitutional Amendment the voters subsequently approved.
 {¶ 11} For the foregoing reasons, I agree with the views expressed by Judge Donovan in her dissenting opinion in State v.Ward, Greene App. No. 05-CA-75, 2006-Ohio-___, and find that R.C. 2919.25(A) and its prohibitions are unaffected by the Defense of Marriage Amendment, Article XV, Section 11, Ohio Constitution. Therefore, I would affirm the judgment of the trial court in the present case, denying Defendant-Appellant McIntosh's motion to dismiss.